IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLEY CHISHOLM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil No. 4:18-cv-4261 |
| | ) | |
| COMPANION LIFE INSURANCE | ) | |
| COMPANY, a South Carolina company, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Kelley Chisholm, by and through counsel, and for his complaint against the Defendant states and alleges as follows:

### PARTIES & JURISDICTION

1. Plaintiff is a resident of Houston, Texas, and at times relevant hereto was insured under an individual health insurance policy ("the Policy") issued to him by Defendant Companion Life Insurance Company (hereinafter "Companion").

2. Companion is an insurance company and is licensed to sell health insurance in the State of Texas. Companion's principal place of business is South Carolina.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The Plaintiff is of diverse citizenship from the Defendants and the amount in controversy exceeds $75,000.00.

4. Venue is proper pursuant to 28 U.S.C. § 1392 because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Texas.

## STATEMENT OF FACTS

5. On or around January 31, 2017 Plaintiff initiated a search for individual health insurance policies for himself and his family. Plaintiff found a website called "HiiQuote.com" with a URL (uniform resource locator, or "web address") of http://www.hiiquote.com. HiiQuote.com purported to sell affordable individual health insurance policies.

6. Plaintiff requested a quote for health insurance policies by calling a toll-free number to speak to an agent.

7. The "HiiQuote" agent offered several health insurance plans from which Plaintiff could choose. After some deliberations, Plaintiff purchased a health insurance policy for himself and his family issued by Defendant Companion Life Insurance Company.

8. The insurance policy Plaintiff purchased is Policy Number CST2635600 called 1st Med STM (the "Policy"), effective February 1, 2017. The policy purports to be in effect for twelve months, but the Plan Information states the policy terminates after being in effect for eleven months, on December 31, 2017. [Exhibit 1].

9. Plaintiff purchased health insurance for himself, his wife and three children. The Plan Option Plaintiff chose provided a $5,000 deductible and co-insurance in the amount of 80% for a twelve month plan. [Exhibit 2].

10. On or around September 24, 2017 Plaintiff was treated by approximately eight physicians because of the discovery of a mass on his kidney.

11. Between September 24, 2017 and November 9, 2017 Plaintiff underwent medical care to prepare for surgery to remove the mass on his kidney. On November 10, 2017 Plaintiff underwent surgery during which the mass was removed from his kidney.

12. Plaintiff incurred medical bills in the amount of $118,901.80.

13. The medical bills were timely submitted to Allied National, which is a third-party claims adjuster working on behalf of Companion Life.

14. The majority of the medical bills were submitted to Allied National between October 17, 2017 and November 13, 2017. Two bills were received by Allied National on January 18, 2018 and February 20, 2018.

15. On February 15, 2018 Allied National, working on behalf of Companion Life, requested medical records from Plaintiff's family physician, Dr. William Davis. Upon information and belief, Dr. Davis's office faxed the requested medical records that same day.

16. In late February 2018 Plaintiff received an unpaid bill from Memorial Hermann Katy Hospital in the amount of $63,997.00 for the surgery he underwent on November 10, 2017. Companion Life never processed, adjusted or paid that bill.

17. Plaintiff attempted to reach a claim adjuster to inquire about the status of his claim. Plaintiff experienced delay and frustration in his attempts to contact a responsible representative at Allied National to respond to his insurance claim. Phone calls were repeatedly re-directed and messages were not responded to.

18. Because of delays in processing and payment, the billing for Plaintiff's medical and hospital care was referred to collection agencies, threatening Plaintiff's credit and reputation in the community.

19. In March 2018, Plaintiff started to receive collection letters seeking payment for the medical bills he incurred between September 24, 2017 and November 10, 2017. The collection letters included bills for Dr. Hermann in the amount of $1,787.00, Lab Corps in the amount of $581.25, Oncology consultants in the amount of $621.44, Anesthesia in the amount of $1,904.00.

Plaintiff also received bills from Memorial Hospital and Oakbend Medical Center for $29,684.25 and $8,556.96 respectively.

20. Plaintiff contacted Allied National repeatedly to inquire about the status of his claim for health insurance benefits, but Defendant did not adjust or pay the claim.

21. During one such call, an Allied National representative told Plaintiff his claim was denied because Allied National believed he was treated for a preexisting condition.

22. There is no evidence whatsoever that Plaintiff's medical care in September, October and November 2017 was to treat a condition preexisting the date Plaintiff applied for the Companion Life insurance policy (January 31, 2017).

23. On May 30, 2018 Allied National emailed what it called a "Second Request" to Plaintiff seeking information about Plaintiff's family physician and other specialists. Plaintiff provided the contact information of his family physician, Dr. William Davis.

24. On June 30, 2018 Dr. Davis' office manager faxed Plaintiff's medical records to Allied National.

25. On July 2, 2018 Allied National sent Plaintiff a Claims Status Report. The Report states that the claims are "[p]ending response to requested information. No action is required from you at this time." [Exhibit 3].

26. Allied National processed Plaintiff's claim for medical benefits on July 25th, August 2nd, and August 3rd, 2018. Allied National denied Plaintiff's claim in its entirety. The basis for closing Plaintiff's claim is:

> **"Inactivated and closed as we have not received a response to our repeated requests for information necessary to determine benefit eligibility. We will take no further action until a response is received."**

27. On August 12, 2018 Dr. Davis's office faxed Plaintiff's medical records to Companion Life once again.

28. Despite Plaintiff's numerous efforts to provide Allied National the requested medical information, Companion Life will not adjust, pay or re-open Plaintiff's claim for health insurance benefits.

29. Companion Life misrepresented the health insurance product for which Plaintiff paid and relied upon by promising twelve months of health insurance, but delivering eleven months.

30. Companion Life unreasonably delayed processing Plaintiff's claim for a period of nine months. During that time, Plaintiff's medical bills were turned over to collection agencies.

31. Companion Life unreasonably denied Plaintiff's claim for health insurance benefits by closing the claim due to the specious assertion it did not receive information necessary to determine benefit eligibility after repeated requests for such information. Plaintiff and Plaintiff's physician provided Companion Life's third-party administrator with the requested information repeatedly.

32. As a result of Companion Life's unreasonable actions and inactions, Plaintiff incurred substantial personal expense in the form of premium payments for the purchased policy and medical bills in excess of $118,000 for which Companion Life denied coverage.

33. As a result of Companion Life's unreasonable actions and inactions, Plaintiff's credit reputation was ruined. Plaintiff suffered from worry and anxiety regarding his outstanding debt.

## FIRST CLAIM FOR RELIEF
### STATUTORY BAD FAITH - TEX. INS. CODE § 541.

34. Plaintiff re-alleges all other allegations made in this Complaint as if fully set forth herein.

35. Defendant engaged in unfair and deceptive acts and practices that caused significant harm to Plaintiff. Specifically, Defendant violated the Texas Unfair Settlement Practices Act, V.T.C.A. Insurance Code § 541.060 by:

   a. engaging in an unconscionable course of action by refusing to adjust and pay Plaintiff's claim for health insurance benefits;

   b. failing to, in good faith, effectuate a prompt, fair and equitable settlement of Plaintiff's claim, although Companion Life's liability was reasonably clear;

   c. failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy for Defendant's denial of Plaintiff's claim;

   d. failing to affirm or deny coverage within a reasonable time;

   e. denying Plaintiff's claim without conducting a reasonable investigation into the claim.

36. Plaintiff's damages include, but are not limited to, lost policy benefits, mental anguish, loss of credit reputation all in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### BREACH OF CONTRACT

37. Plaintiff re-alleges all other allegations made in this Complaint as if fully set forth herein.

38. The Policy constitutes a valid and enforceable contract between Plaintiff and Companion Life.

39. The Plaintiff paid all premiums and otherwise performed his obligations under the contract.

40. Defendant breached the contract by refusing to adjust the Plaintiff's claim and refusing to pay the legitimate claim for benefits.

41. Plaintiff was damaged as a result of the breach in the amount of policy benefits, consequential damages relating to his poor credit and medical debt, past and future interest all in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF
### PROMPT PAYMENT OF CLAIMS STATUTE

42. The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

43. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

### ATTORNEY'S FEES

44. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

45. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because she is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

46. Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff prays that judgment in an amount sufficient to invoke the jurisdiction of the Court be entered against Defendant under all claims for relief for the following elements of loss and damage:

    a.    Compensatory and consequential damages in an amount to be proven at trial;

    b.    Mental resulting from Defendants' fraud and unlawful claims practices in an amount to be proven at trial;

    c.    Loss of credit reputation in an amount to be proved at trial;

    d.    Punitive damages in an amount to be proven at trial;

    e.    Pre and post-judgment interest;

    f.    Reasonable attorney's fees in an amount to be proved at trial; and

    g.    Lost Policy benefits;

    h.    All other loss and damage caused by Defendants' wrongful denial of benefits which Plaintiff is able to prove at trial.

Dated this November 9, 2018.

        Respectfully submitted,

        **DALY & BLACK, P.C.**

        By:    */s/ Richard D. Daly*
               Richard Daly
               Federal Bar No. 20706
               Texas Bar No. 00796429
               rdaly@dalyblack.com
               ecfs@dalyblack.com
               2211 Norfolk St., Suite 800
               Houston, Texas 77098
               713.655.1405—Telephone
               713.655.1587—Fax

        ATTORNEYS FOR PLAINTIFF