IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLEY CHISHOLM | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4: 18-CV-4261 |
| | § | |
| COMPANION LIFE INSURANCE | § | JURY TRIAL DEMANDED |
| COMPANY | § | |
|     Defendant/Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| HEALTH PLAN INTERMEDIARIES, | § | |
| LLC d/b/a HEALTH INSURANCE | § | |
| INNOVATIONS, HEALTH PLAN | § | |
| INTERMEDIARIES HOLDINGS, LLC, | § | |
| And KATHLEEN BAPTISTE | § | |
|     Third-Party Defendants. | § | |

**THIRD-PARTY DEFENDANT KATHLEEN BAPTISTE'S ANSWER AND DEFENSES TO DEFENDANT/THIRD-PARTY PLAINTIFF COMPANION LIFE INSURANCE COMPANY'S THIRD-PARTY COMPLAINT AND JURY DEMAND**

Third-Party Defendant Kathleen Baptiste ("Baptiste") respectfully files this Answer and Defenses to Defendant/Third-Party Plaintiff Companion Life Insurance Company's ("Companion Life") Third-Party Complaint and Jury Demand (ECF No. 17) ("Third-Party Complaint") as follows:

**FIRST DEFENSE**

Defendant/Third-Party Plaintiff Companion Life's Third-Party Complaint fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Without waiving the foregoing, Baptiste responds to the allegations of Defendant/Third-Party Plaintiff Companion Life's Third-Party Complaint as follows:

1. Admit that Complaint was filed against Companion, state that the content of the allegations is contained in the Complaint and deny any mischaracterization, and deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of each and every other allegation contained in paragraph 1 of the Third-Party Complaint.

2. Admit that Complaint was filed against Companion, state that the content of the allegations is contained in the Complaint and deny any mischaracterization, and deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of each and every other allegation contained in paragraph 2 of the Third-Party Complaint.

## II.
## PARTIES

3. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 3 of the Third-Party Complaint.

4. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 4 of the Third-Party Complaint.

5. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 5 of the Third-Party Complaint.

6. Admit that Third-Party Defendant Baptiste is an individual residing in the state of Florida and was registered with the Texas Department of Insurance to act as a General Lines Agent, and deny every other allegation contained in paragraph 6 of the Third-Party Complaint, as there is no personal jurisdiction over Baptiste in this forum.

# III.
# JURISDICITON AND VENUE

7. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 7 of the Third-Party Complaint.

8. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 8 of the Third-Party Complaint.

# IV.
# FACTUAL BACKGROUND

9. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of every other allegation contained in paragraph 9 of the Third-Party Complaint.

10. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 10 of the Third-Party Complaint.

11. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 10 of the Third-Party Complaint.

12. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 10 of the Third-Party Complaint.

13. Admit that Baptiste was licensed by the Texas Department of Insurance to act as a General Lines Agent, with a qualifying appointment of Life, Accident, Health, and HMO lines, and deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of every other allegation contained in paragraph 13 of the Third-Party Complaint.

14. Admit that Complaint was filed against Companion, state the content of the allegations is contained in the Complaint and deny any mischaracterization, and deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of each and every other allegation contained in the Complaint.

15. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 15 of the Third-Party Complaint.

16. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 16 of the Third-Party Complaint.

## V.
## CAUSES OF ACTION

### Count I – Contribution

17. Repeat by reference each and every response to the allegations incorporated in paragraph 17 of the Third-party Complaint.

18. Admit that the Complaint was filed against Companion, state that the content of the allegations is contained in the Complaint and deny any mischaracterization, and deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of each and every other allegation contained in paragraph 18 of the Third-Party Complaint.

19. Deny the allegations contained in paragraph 19 of the Third-Party Complaint.

20. Deny the allegations contained in paragraph 20 of the Third-Party Complaint.

21. Deny the allegations contained in paragraph 21 of the Third-Party Complaint.

### Count II – Breach of Contract for Failure to Provide Defense and Indemnification

22. Repeat by reference each and every response to the allegations incorporated in paragraph 22 of the Third-party Complaint.

23. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 23 of the Third-Party Complaint.

24. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 24 of the Third-Party Complaint.

25. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 25 of the Third-Party Complaint.

26. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 26 of the Third-Party Complaint.

### Count III – Declaratory Judgment

27. Repeat by reference each and every response to the allegations incorporated in paragraph 27 of the Third-party Complaint.

28. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 28 of the Third-Party Complaint.

29. Deny for want of knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 29 of the Third-Party Complaint.

### VI. DAMAGES

30. Deny the allegations contained in paragraph 30 of the Third-Party Complaint.

### VII. JURY DEMAND

31. Admit that Companion requests a trial by jury as asserted in paragraph 31 of the Third-Party Complaint.

### VII. PRAYER FOR RELIEF

32. Deny that Companion is entitled to any relief requested in its prayer.

### GENERAL RESPONSE

Third-Party Defendant deny each and every allegation not admitted, denied, controverted, or otherwise addressed above.

## AFFIRMATIVE DEFENSES

Third-Party Defendant asserts the following additional defenses to Defendant/Third-Party Plaintiff's Third-Party Complaint, without admitting liability and with each pled in the alternative:

33. <u>Failure to State a Claim</u>: The Complaint and Third-Party Complaint fail to state any claim upon which relief may be granted.

34. <u>Personal Jurisdiction</u>: This Court lacks personal jurisdiction over Third-party Defendant Baptiste.

35. <u>Venue</u>: Venue is improper in this District.

36. <u>Defenses to Complaint</u>: Third-Party Defendant Baptiste adopts the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, and Twenty-First Defenses asserted by Companion in response to the Complaint. (ECF No. 6). Additionally, the doctrines of waiver, unclean hands, estoppel, merger, and economic loss bar Plaintiff's claims.

37. <u>Proximate Cause</u>: Companion's claims are barred, in whole or material part, because any loss suffered by Companion was not proximately caused by Third-Party Defendant Baptiste, but caused or contributed by Companion's conduct, negligence and/or omissions.

38. <u>Ripeness</u>: Any potential indemnity claim is not ripe.

## RESERVATION OF RIGHTS

Third-Party Defendant, Kathleen Baptiste, reserves the right, upon further investigation and discovery, to assert such additional defenses as may be just and appropriate.

## JURY DEMAND

Third-Party Defendant, Kathleen Baptiste, demands a jury trial on all issues in this action triable by a jury as a matter of right pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

For these reasons, Third-Party Defendant, Kathleen Baptiste, respectfully demands judgment in her favor and that:

i. Third-Party Plaintiff, Companion Life Insurance Company, take nothing by way of the claims asserted in the Third-Party Complaint;

ii. This third-party action be dismissed in its entirety, with prejudice;

iii. Attorneys' fees and costs be awarded to Third-Party Defendant Baptiste; and

iv. The Court award such other and further relief as may be deemed just and proper.

Respectfully submitted,

**GERSTLE, MINISSALE & SNELSON, LLP**

By: */s/ Dana Minissale*_____
       Dana Minissale
       State Bar No. 18191583
       S.D. Tex. No. 593569
       Dana.Minissale@gmsattorneys.com
4849 Greenville Ave., Suite 1500
Dallas, Texas 75206
(214) 368-6440 – Telephone
(214) 308-2026 – Facsimile

**ATTORNEY FOR THIRD-PARTY DEFENDANT KATHLEEN BAPTISTE**

# CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure and to Local Rule LR5, the undersigned counsel for Defendant certifies that a true and correct copy of this document has been served on all known counsel of record via the Court's Electronic Case Filing system on this 22nd day of August 2019.

Kenneth W. Bullock II
Munsch Hardt Kopf & Harr, PC
700 Milam, Ste. 2700
Houston, Texas 77002
kbullock@munsch.com
*Attorney for Defendant/Third-Party Plaintiff*
*Companion Life Insurance Company*

>                                       */s/ Dana Minissale*
>                                       Dana Minissale