IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KELLEY CHISOLM, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Civil No. 4:18-cv-4261 |
| ) | |
| COMPANION LIFE INSURANCE ) | |
| COMPANY, a South Carolina company, ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HEALTH PLAN INTERMEDIARIES, ) | |
| LLC, d/b/a HEALTH INSURANCE ) | |
| INNOVATIONS, HEALTH PLAN ) | |
| INTERMEDIARIES HOLDINGS, LLC ) | |
| and KATHLEEN BAPTISTE, ) | |
| ) | |
| Third-Party Defendants. ) | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Kelley Chisolm, by and through counsel, and for his First Amended Complaint against the Defendant states and alleges as follows:

### PARTIES & JURISDICTION

1. Plaintiff is a resident of Houston, Texas, and at times relevant hereto was insured under an individual health insurance policy ("the Policy") issued to him by Defendant Companion Life Insurance Company (hereinafter "Companion").

2. Companion is an insurance company and is licensed to sell health insurance in the State of Texas. Companion's principal place of business is South Carolina.

3.	This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  The Plaintiff is of diverse citizenship from the Defendants and the amount in controversy exceeds $75,000.00.

4.	Venue is proper pursuant to 28 U.S.C. § 1392 because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Texas.

### STATEMENT OF FACTS

5.	On or around January 31, 2017 Plaintiff initiated a search for individual health insurance policies for himself and his family.  Plaintiff found a website called "HiiQuote.com" with a URL (uniform resource locator, or "web address") of http://www.hiiquote.com.  HiiQuote.com purported to sell affordable individual health insurance policies.

6.	Plaintiff requested a quote for health insurance policies by calling a toll-free number to speak to an agent.

7.	The "HiiQuote" agent offered several health insurance plans from which Plaintiff could choose.  After some deliberations, Plaintiff purchased a health insurance policy for himself and his family issued by Defendant Companion Life Insurance Company.

8.	The insurance policy Plaintiff purchased is Policy Number CST2635600 called 1st Med STM (the "Policy"), effective February 1, 2017.

9.	Plaintiff purchased health insurance for himself, his wife and three children.  The Plan Option Plaintiff chose provided a $5,000 deductible and co-insurance in the amount of 80% for a twelve month plan.

10.	On or around September 25, 2017 Plaintiff was diagnosed with a mass on his right kidney.

11. Between October 1, 2017 and December 31, 2017 Plaintiff underwent medical care to treat diverticulosis and undergo surgery to remove the mass on his kidney.

12. Plaintiff incurred medical bills in the amount of $89,148.60.

13. The medical bills were timely submitted to Allied National, which is a third-party claims adjuster working on behalf of Companion Life.

14. Companion Life denied payment of these claims on the basis of an exclusion in the Certificate of Insurance, "56. Kidney or end stage renal disease."

15. Plaintiff did not suffer from kidney or end stage renal disease.

16. Plaintiff was treated for diverticulitis and a mass on his right kidney on October 23, 2017.  Companion Life did not deny or pay this claim under the terms of the insurance policy.

17. Companion Life did not conduct any investigation into Plaintiff's claims described above.

18. Defendant Companion Life denied Plaintiff's claims without reviewing Plaintiff's medical records relating to these claims for insurance benefits.

19. In March 2018, Plaintiff started to receive collection letters seeking payment for the medical bills he incurred between October 3, 2017 and November 11, 2017.  The collection letters included bills from Memorial Hermann in the amount of $63,997.00, Brown & Associates Medical Lab in the amount of $2,575.00, Oakbend Medical Center in the amount of $14,261.60, US Anesthesia Partners of Texas in the amount of $1,904.00, and a variety of bills from Lab Corps of America.

### FIRST CLAIM FOR RELIEF
### UNFAIR SETTLEMENT PRACTICES IN VIOLATION OF V.T.C.A., BUS. & C. § 17.50(A)(4)

20. Plaintiff re-alleges all other allegations made in this Complaint as if fully set forth herein.

21. Defendant engaged in unfair and deceptive acts and practices that caused significant harm to Plaintiff. Specifically, Defendant violated the Texas Unfair Settlement Practices Act, V.T.C.A. Insurance Code § 541.060 by (a)   engaging in an unconscionable course of action by refusing to adjust and pay Plaintiff's claim for health insurance benefits; and (b) denying Plaintiff's claim without conducting a reasonable investigation into the claim.

22. Plaintiff seeks damages in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
### BREACH OF CONTRACT

23. Plaintiff re-alleges all other allegations made in this Complaint as if fully set forth herein.

24. The Policy constitutes a valid and enforceable contract between Plaintiff and Companion Life.

25. The Plaintiff paid all premiums and otherwise performed his obligations under the contract.

26. Defendant breached the contract by denying Plaintiff's legitimate claims for benefits.

27. Plaintiff was damaged as a result of the breach in the amount of policy benefits, consequential damages relating to his poor credit and medical debt, past and future interest all in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF
### PROMPT PAYMENT OF CLAIMS STATUTE

28. Plaintiff re-alleges all other allegations made in this Complaint as if fully set forth herein.

29. The failure of Defendant Companion Life Insurance Company to pay for the losses constitutes a violation of Section 542.051 et seq. of the Texas Insurance Code.

30. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

### ATTORNEY'S FEES

31. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

32. Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Texas Civil Practice and Remedies Code Section 38.001-38.003 because he is represented by an attorney, presented a claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

33. Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Section 541.152 and 542.060 of the Texas Insurance Code.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays that judgment in an amount sufficient to invoke the jurisdiction of the Court be entered against Defendant under all claims for relief for the following elements of loss and damage:

    a. Compensatory and consequential damages in an amount to be proven at trial;

    b. Emotional distress resulting from Defendants' fraud and unlawful claims practices in an amount to be proven at trial;

    c. Loss of credit reputation in an amount to be proved at trial;

d. Punitive damages in an amount to be proven at trial;

e. Pre and post-judgment interest;

f. Reasonable attorney's fees in an amount to be proved at trial; and

g. Lost Policy benefits;

h. All other loss and damage caused by Defendants' wrongful denial of benefits which Plaintiff is able to prove at trial.

Dated this 7th day of October, 2019.

RESPECTFULLY SUBMITTED,

KELLEY CHISHOLM,
PLAINTIFF

Jessica Rutzick
WY Bar No. 6-3126
Jessica Rutzick & Associates, P.C.
Post Office Box 1867
Wilson, WY 83014
(307) 733-8140
jrutzick@rutzicklaw.com

Richard Daly
Texas Bar No. 00796429
Federal Bar No. 20706
rdaly@dalyblack.com
Kyle P. Malone
State Bar No. 2410218
Federal Bar No. 3306811
kmalone@dalyblack.com
**Daly & Black, P.C.**
2211 Norfolk Street, Suite 800
Houston, Texas 77098
(713) 655-1405

By:   /s/ Jessica Rutzick
        Jessica Rutzick